UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 12 CR 957–2 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| IKE F. JEFFRIES | ) | |

**ORDER TO PRESERVE CERTAIN**
**<u>PROPERTY SUBJECT TO FORFEITURE</u>**

This matter comes before the Court on the application of the United States for entry of an order allowing the Government to maintain custody of certain property to preserve the property for forfeiture, and the Court being fully advised finds as follows:

(a)  On March 7, 2012, law enforcement officers with the United States Secret Service ("USSS") seized the following property from defendant Ike F. Jeffries pursuant to search warrants issued in the United States District Court for the Northern District of Illinois for a single-family home located at 1108 S. Menard Avenue in Chicago, Illinois, and for the basement apartment located at 1109 S. Monitor Avenue in Chicago, Illinois, as property constituting and derived from proceeds traceable to violations of access device fraud pursuant to Title 18, United States Code, Section 1029:

    1.    funds in the amount of two thousand six hundred eleven dollars ($2,611.00);

    2.    one 100th Anniversary Edition Harley Davidson Motorcycle gas tank;

3. one 2001 Mercedes Benz S55, VIN: WDBNG73J11A209398; and

4. one 2003 Harley Davidson Road Glide Motorcycle, VIN: 1HD1FSW153Y604405;

(b) Written notice of USSS's intention to forfeit the foregoing property was sent to certain interested parties, as required by Title 18, United States Code, Section 983(a)(1)(A);

(c) On May 23, 2012, defendant filed a claim with USSS in a nonjudicial civil forfeiture proceeding against the seized property. USSS referred the claim to the United States Attorney's Office, under the administrative forfeiture proceedings, to commence a civil forfeiture action pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C). Pursuant to Title 18, United States Code, Section 983(a)(3)(A), the Government has ninety days from the date that defendant filed his claim to commence a civil forfeiture action or obtain a criminal indictment containing an allegation that the seized property is subject to forfeiture. On August 17, 2012, and November 8, 2012, Chief Judge James F. Holderman entered orders, pursuant to Title 18, United States Code, Section 983(a)(3)(A) and (C), extending the deadline for a complaint to be filed against the property, or for the property to be included in an indictment alleging forfeiture;

(d) On January 29, 2013, an indictment was returned charging defendant Jeffries and other co-defendants with access device fraud pursuant to Title 18, United States Code, Section 1029(a)(1), (a)(2), (a)(3), and (a)(4), and wire fraud pursuant to Title 18, United States Code, Section 1343. The indictment included a

forfeiture allegation seeking forfeiture of any and all right, title and interest the defendant Jeffries and his co-defendants may have in: (i) any personal property used or intended to be used to commit the charged access device fraud offenses, pursuant to Title 18, United States, Code, Section 1029(c)(1)(C); and (ii) any property, real and personal, constituting and derived from, proceeds traceable to the charged access device fraud offenses, pursuant to Title 18, United States Code, Section 982(a)(2)(B). The forfeiture allegation further seeks forfeiture of any right, title and interest defendant Jeffries and his co-defendants may have in any property, real and personal, constituting, and derived from, proceeds traceable to the charged wire fraud offenses, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c). Furthermore, the forfeiture allegation seeks forfeiture of the interests of defendant Jeffries of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 28, United State Code, Section 2461(c). The forfeiture allegation identified items 1, 3, and 4 from paragraph (a) above as property subject to forfeiture in this matter;

(e)     On March 8, 2013, the government filed a bill of particulars identifying item 2 from paragraph (a) above as property subject to forfeiture in this matter;

(f)     Since the subject property is alleged to be subject to forfeiture upon the conviction of defendant, the government requests entry of this order to preserve and protect the property so that it is ultimately available to satisfy any forfeiture

3

judgment entered by the Court at the time of sentencing. Specifically, Title 18, United States Code, Section 983(a)(3)(B)(ii)(II) provides that when the Government chooses to forfeit property that has been seized for civil forfeiture proceedings, it must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute if a claim has been filed;"

(g) Title 21, United States Code, Section 853(e)(1)(A) provides in pertinent part:

> Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) for forfeiture under this section upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section . . . .

(h) Because the subject property is in the custody of the United States, and the grand jury has determined that there is probable cause to believe that the property is subject to forfeiture, the government requests that an order be entered allowing it to maintain custody of the foregoing seized property pursuant to Title 21, United States Code, Section 853(e)(1) to preserve the availability of the seized property for forfeiture in this action. Although Title 21, United States Code, Section 853(f) authorizes the issuance of a criminal seizure warrant, in cases similar to this case, where the property in question is already in the government's custody, it is inappropriate for a court to issue a seizure warrant directing the

government to seize property from itself. *See In Re: 2000 White Mercedes ML320*, 220 F. Supp. 2d 1322 (M.D. Fla. Sep 25, 2001) (if property is already in government custody, no § 853(f) seizure warrant can be issued, as an order under § 853(e) would be sufficient to preserve the property);

(i) As set forth in the indictment, the government intends to seek forfeiture of certain property as part of the prosecution in this matter. To ensure that the foregoing seized property is available for forfeiture proceedings, the United States must maintain custody of this property. If the seized property is not maintained in the government's custody pending the outcome of any forfeiture proceedings, the property is likely to be transferred, concealed or otherwise made unavailable to satisfy the defendant's forfeiture liability. If the foregoing seized property is transferred or concealed, it will be difficult, if not impossible, to trace the property that was involved in the charged illegal activity. Further, upon entry of a forfeiture judgment, considering the character of this property, it will not be available to satisfy any forfeiture judgment entered by this Court at the time of sentencing.

Accordingly, it is hereby ORDERED, DIRECTED and ADJUDGED:

1. That pursuant to Title 21, United States Code, Section 853(e)(1), the following property seized from defendant on or about March 7, 2012, shall be maintained by the United States through the conclusion of the pending criminal case to preserve the property so that it is available to satisfy the forfeiture liability of defendant IKE F. JEFFRIES:

(a) funds in the amount of two thousand six hundred eleven dollars ($2,611.00);

(b) one 100th Anniversary Edition Harley Davidson Motorcycle gas tank;

(c) one 2001 Mercedes Benz S55, VIN: WDBNG73J11A209398; and

(d) one 2003 Harley Davidson Road Glide Motorcycle, VIN: 1HD1FSW153Y604405.

ENTERED:

_____
SHARON JOHNSON COLEMAN
United States District Judge

DATE: <u>March 18, 2013</u>